■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP G. GIACCONE, Appellant. [680 NYS2d 873] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered January 6, 1998, convicting him of bribery in the third degree, driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, unlicensed operation of a motor vehicle, and driving with a suspended registration, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contentions that the evidence was legally insufficient to establish his guilt of certain of the crimes of which he now stands convicted are, in part, unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are, in part, unpreserved for appellate review, and, in any event, provide no basis for reversal (*see,* CPL 470.05 [2]; *People v Udzinski, supra*). Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL GIBBS, Appellant. [682 NYS2d 603] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 23, 1998 (*People v Gibbs,* 247 AD2d 629), affirming a judgment of the Supreme Court, Kings County, rendered August 22, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.